|  |  |
|---|---|
| UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA | JS-6 |

### CIVIL MINUTES -- GENERAL

| Case No. | **CV 25-5855-JFW(AGRx)** | Date: July 22, 2025 |
|---|---|---|

Title: Tammie LaRae Bowser Foreign Grantor Trust -v- Shellpoint Mortgage Servicing, et al.

**PRESENT:**

**HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| Shannon Reilly | None Present |
|---|---|
| Courtroom Deputy | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFFS: | ATTORNEYS PRESENT FOR DEFENDANTS: |
|---|---|
| None | None |

**PROCEEDINGS (IN CHAMBERS):**   ORDER DISMISSING ACTION

Tammie LaRae Bowser ("Bowser") has attempted to represent *pro se* Plaintiff Tammie LaRae Bowser Foreign Grantor Trust ("Plaintiff").

In federal court, a non-attorney generally may represent herself on her own behalf. *See* 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel"). However, although a non-attorney may appear *pro se*, "that privilege is personal to him." *C.E. Pope Equity Tr. v. United States*, 818 F.2d 696, 697 (9th Cir. 1987). As a result, a pro se litigant generally may not "pursu[e] claims on behalf of others in a representative capacity." *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008). Indeed, this District's Local Rules reflect this general principle by providing that "[o]nly individuals may represent themselves *pro se*. No organization or entity of any other kind (including corporations, limited liability corporations, partnerships, limited liability partnerships, unincorporated associations, trusts) may appear in any action or proceeding unless represented by an attorney permitted to practice before this Court under L.R. 83-2.1." Local Rule 83-2.2.2.

In addition, the Ninth Circuit has explicitly held that a non-attorney trustee may not represent a trust *pro se* in federal court. *See C.E. Pope Equity Tr.*, 818 F.2d at 698 (explaining that a trustee "may not claim that his status as trustee includes the right to present arguments pro se in federal court"). The Ninth Circuit explained that "[b]ecause [the trustee] is not the actual beneficial owner of the claims being asserted by the Trusts (so far as one can tell from the record), [the trustee] cannot be viewed as a 'party' conducting his 'own case personally' within the meaning of Section 1654." *Id.* at 697–98. Courts have interpreted this language in *C.E. Pope Equity Trust* as permitting a trustee to represent a trust *pro se* in federal court only where the trustee demonstrates that she is the "beneficial owner" of the trust's claims. *See, e.g., Simon*, 546 F.3d at 664 (explaining that the trustee in *C.E. Pope Equity Trust* was not permitted to represent the trust *pro*

*se* because he "was not, pursuant to 28 U.S.C. § 1654, a 'party' conducting his 'own case personally' as he was not the beneficial owner of the claims being asserted" (*citing C.E. Pope Equity Tr.*, 818 F.2d at 697–98)); *United States v. Molen*, 2011 WL 292150, at *6 (E.D. Cal. Jan. 31, 2011) (relying on *C.E. Pope Equity Trust* to state that "there is an exception to the general rule: an individual who is the trust's 'beneficial owner' may appear pro se on the trust's behalf") (*citing C.E. Pope Equity Tr.*, 818 F.2d at 697–98).

A court may strike or dismiss a complaint where a *pro se* individual improperly seeks to represent a trust *pro se*. See *C.E. Pope Equity Tr.*, 818 F.2d at 698 (where two cases had been consolidated for appeal, the Ninth Circuit affirmed one district court's dismissal of a complaint and another court's grant of a motion to strike a complaint where each complaint was filed by a *pro se* individual on behalf of a trust); *see also Aldridge v. United States*, 2011 WL 2516622, at *1 (E.D. Cal. June 23, 2011) (concluding that a complaint should be stricken based upon the plaintiff-trustee's *pro se* representation of a trust), *adopted by* 2011 WL 13242884 (E.D. Cal. Aug. 30, 2011); *Hall v. Wash. Mut. Bank*, 2010 WL 11549664, at *3 (C.D. Cal. July 7, 2010) (granting a defendant's motion to dismiss a complaint based upon the plaintiff-trustee's pro se representation of a trust).

In this case, the Court has issued two orders to show cause (the "OSCs") – on July 7, 2025 and July 14, 2025 – regarding Bowser *pro se* representation of Plaintiff. However, Bowser has failed to respond to either OSC or to obtain counsel for Plaintiff. Moreover, Bowser's failure to respond to the OSCs is not an isolated incident. To the contrary, Bowser has repeatedly filed documents that violated the Court's Standing Order, Self-Representation Order, and the Local Rules, and which provides the Court a separate ground for dismissing this action. *See* Federal Rule of Civil Procedure 41(b); *see also Yourish v. California Amplifier*, 191 F.3d 983, 986-988 (9th Cir. 1999); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992).

Accordingly, this action is **DISMISSED without prejudice**.

IT IS SO ORDERED.